UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BENJAMIN F. MILES, IV,            )
                                  )
    Plaintiff,                    )
                                  )
VS.                               )         No. 19-2241-JDT-cgc
                                  )
SHELBY COUNTY CRIMINAL            )
JUSTICE CENTER, ET AL.,           )
                                  )
    Defendants.                   )
                                  )

ORDER PARTIALLY DISMISSING COMPLAINT AND
DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
DEFENDANTS CONNOLLY, BARKER AND WHITE

On April 17, 2019, Plaintiff Benjamin F. Miles, IV, a pretrial detainee at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on April 22, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the Shelby County Criminal Justice Center (Jail), Lieutenant A. Connolly, and Corrections Officers (C/O) Taliha Barker and Kimberly White.

Miles asserts that he has been subjected to punishment, physical and sexual abuse, and harassment at the Jail on various dates since February 2019. (ECF No. 1 at PageID 2.)

He alleges that Lieutenant Connolly failed to supervise and instruct his officers to follow proper protocol and instead advised them to "perform the actions of cruel & unusual punishment," including not giving soap to inmates on lockdown after they have used the restroom. (*Id.*) Connolly also allegedly placed Miles in "predetention" for thirty days, where he was not able to shower, change clothes, or clean. (*Id.*)

Miles alleges that C/O Barker failed to give him a meal on one occasion and had him sent to administrative segregation for thirty days "because of personal feelings" and based on false allegations (*Id.*) Miles alleges that Barker verbally abused him and "defimated [sic] my character and caused problems for my upcoming trial." (*Id.*) Barker also allegedly had Miles sent to "deadlock & detention" because he filed grievances. (*Id.*)

Miles alleges that C/O White choked him and pushed his head into a wall on one occasion. (*Id.*) He alleges she harasses him and has sexually abused him by grabbing his penis, pulling his pants up into his buttocks, and telling him that he is "going to get fucked in prison." (*Id.*)[1]

Miles seeks monetary damages against all defendants. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] Miles in passing also alleges that the fourth floor sergeant at the Jail disallowed him a shower, his property, hygiene items, or recreation time for three days in April 2019. (*Id.* at PageID 2.) Miles, however, does not name this sergeant or list him as a defendant in this case.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Miles filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Miles's claims against the Jail are construed as claims against Shelby County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged

deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Miles does not allege that he was punished or abused because of an unconstitutional policy or custom of Shelby County. He instead alleges that individual defendants violated his rights by their own actions. He does not state a claim against Shelby County.

Miles alleges that Defendant Connolly violated his rights by failing to supervise his officers properly. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th

5

Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996).

Miles, however, also alleges that Connolly himself refused to allow Miles to shower, change clothes, or clean himself while he was in detention for one month. Because Miles was a pretrial detainee at the time of the alleged events, his claim arises under the Fourteenth Amendment. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). Miles is entitled to the same protection against cruel and unusual punishment as convicted inmates. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[2] Thus, to state a claim under the Fourteenth Amendment, Miles must satisfy both an objective and a subjective component. *Id.* at 937-38.

The objective component requires that the deprivation be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conditions of confinement may be considered cruel and unusual when they deprive inmates of "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see Rhodes v. Chapman*, 452 U.S. 337,

---

[2] Some circuits have modified the standard a pretrial detainee must meet to state a claim under the Fourteenth Amendment after the Supreme Court's holding in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). *See Badger v. Chapman*, No. 16-2886-STA-EGB, 2018 WL 5777504, at *6 (W.D. Tenn. Nov. 2, 2018) (discussing cases). For purposes of screening, the Court will apply the Eighth Amendment's deliberate indifference standard to Miles's Fourteenth Amendment conditions-of-confinement claim. *See id.*

347 (1981); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  To satisfy the subjective component, "the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind."  *Winkler*, 893 F.3d at 891 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)).  The plaintiff must show that the officials acted with "deliberate indifference" to a substantial risk that the inmate would suffer serious harm.  *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. 837.

The Sixth Circuit "has concluded that deprivation of a shower and other personal hygiene items for a 'brief span of time . . ., i.e., only six days' is not actionable conduct."  *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (quoting *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000) (unpublished decision)).  Miles, however, alleges that he was without a shower or hygiene items for thirty days while he was in detention.  Being forced to live in segregation in these conditions for an extended time possibly deprived Miles of "the minimal civilized measure of life's necessities."  Miles's allegations against Connolly, taken as true, sufficiently plead a Fourteenth Amendment violation.

Miles also states a claim against Defendant Barker.  Under the Due Process Clause of the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Not every condition imposed on a pretrial detainee constitutes "punishment" under the Due Process Clause.  *Id.* at 536.  The determining factor is whether the condition is "imposed for the purpose of punishment or whether it is but an incident of some other legitimate

7

governmental purpose." *Id.* at 538. "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539. Miles's allegations are sparse, but he states that Barker had him sent to administrative segregation because of her personal feelings against him and based on false allegations. If Miles was segregated only because Barker had personal animosity toward him, then his segregation could not have been for a legitimate purpose and, instead, would constitute punishment. The Court will therefore allow Miles's Fourteenth Amendment claim against Barker to proceed.

Miles also alleges that Barker retaliated against him for using the inmate grievance system. The Court reviews Plaintiff's retaliation claim under the First Amendment. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) ("Retaliation on the basis of a prisoner's exercise of his First Amendment rights violates the Constitution."). A claim of retaliation has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Filing a grievance is protected conduct. *Hill*, 630 F.3d at 472. "[T]he plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

8

Miles's allegations again are sparse. However, accepting them as true, he sufficiently alleges that he engaged in protected activity by filing a grievance and faced adverse action because of his conduct when Barker sent him to detention. That adverse actin likely would deter a person of ordinary firmness from continuing to file grievances. Miles's First Amendment claim against Barker also shall proceed.

Miles does not state a claim against Barker for her alleged verbal harassment. The Sixth Circuit has routinely held that verbal harassment does not amount to a constitutional violation. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (holding that an officer's "reprehensible" action of offering of sexual favors to the plaintiff-inmate did "not rise to the level of a constitutional violation").

Nor does Miles state a claim about missing a single meal. He does not allege that Barker intentionally refused him a meal but states only that she once failed to give him one. A single missed meal does not violate the Constitution. *See Ahmorae v. Davidson Cnty. Sheriff's Office*, No. 3:15-CV-0813, 2015 WL 4758168, at *2 (M.D. Tenn. Aug. 11, 2015) ("It is well established that a prisoner's experience of missing a meal on an isolated occasion does not constitute an Eighth Amendment violation where the meals the prisoner is provided are sufficient to maintain normal health."); *Brooks v. Daniels*, No. 3:12CV–P446–S, 2012 WL 5866453 (W.D. Ky. Nov. 19, 2012) (holding that pretrial detainee

9

plaintiffs who alleged they missed one meal failed to state a claim under the Fourteenth Amendment).

Miles's allegation that White assaulted him amounts to a claim of excessive force, which is analyzed under the Fourteenth Amendment's standard of objective reasonableness. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Miles does not provide any context for the alleged incident but merely alleges that White choked him and rammed his head into a wall. Choking an inmate and ramming his head into a wall, however, seems unlikely to be a necessary or reasonable use of force in a detention setting. *Cf. Choate v. Arms*, 274 F. Supp. 3d 782, 785 (M.D. Tenn. 2017) (citing

*Coley v. Lucas Cnty.*, 799 F.3d 530, 538 (6th Cir. 2015)). Liberally construing Miles's allegations, and taking them as true, Miles sufficiently pleads a Fourteenth Amendment claim against White.

Miles's allegations that White verbally harassed him, as discussed above, do not state a claim. However, Miles also alleges that White grabbed his penis at least once and pulled his pants into his buttocks. Courts in this circuit and others have held that fleeting sexual remarks and touching do not satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Kelly v. Moose*, No. 3:12-CV-01339, 2013 WL 141132, at *2 (M.D. Tenn. Jan. 10, 2013) (citing cases). However, because Miles alleges repeated physical sexual harassment in addition to verbal comments, the Court will allow this claim to proceed.

In conclusion, the Court DISMISSES the Shelby County Criminal Justice Center as a Defendant in this matter under 28 U.S.C. § 1915A(b)(1). The Court will allow Miles to proceed on the following claims:

(1) A Fourteenth Amendment claim against Lieutenant Connolly for allegedly depriving Miles of a shower, clean clothes and hygiene items for thirty days;

(2) A Fourteenth Amendment claim against C/O Barker for allegedly sending Miles to segregation out of personal animosity and for no legitimate reason, and a First Amendment claim against Barker for allegedly retaliating against Miles for filing a grievance; and

(3) Fourteenth Amendment claims against C/O White for allegedly subjecting Miles to excessive force and physical sexual harassment.

It is ORDERED that the Clerk shall issue process for Defendants Connolly, Barker, and White and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Connolly, Barker, and White pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Miles shall serve a copy of every subsequent document he files in this case on the attorneys for Defendants Connolly, Barker, and White or on Defendants Connolly, Barker, and White if they are unrepresented. Miles shall make a certificate of service on every document he files. Miles shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Miles is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.