UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN F. MILES, IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-2241-JDT-cgc |
| ) | |
| SHELBY COUNTY CRIMINAL ) | |
| JUSTICE CENTER, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION TO APPOINT COUNSEL,
DENYING MOTION TO RENDER DECISION BY DEFAULT, AND
DIRECTING CLERK TO ENTER DEFAULT OF DEFENDANT CONNOLLY

The Court issued an order partially dismissing the *pro se* civil complaint filed by the prisoner Plaintiff, Benjamin F. Miles, IV, and directing that process be issued for the three remaining Defendants: Lt. A. Connolly and Corrections Officers Taliha Barker and Kimberly White. (ECF No. 6.) Shortly thereafter, Plaintiff filed a motion to appoint counsel. (ECF No. 7.)

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").

Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).

"In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). "[I]n contrast to criminal defendants, civil litigants unable to afford counsel cannot ordinarily" have counsel appointed unless "there is a risk of loss of liberty, as in mental commitment or juvenile delinquency proceedings." *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998), *cited in Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

The only reasons Miles offers to justify the appointment of counsel are his incarceration and indigence, his lack of legal experience, and the fact that if the case were to go to trial, counsel would be better able to present evidence and cross examine witnesses. (ECF No. 7 at PageID 31.) However, incarceration and lack of legal knowledge and experience are not "exceptional circumstances" that warrant appointing counsel. Miles therefore has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel, and his motion is DENIED.

Miles has also moved the Court to render a decision by default judgment in this case due to the failure of any Defendant to answer the complaint. (ECF No. 13.)

With regard to Defendants Barker and White, the motion for default judgment is not well taken because neither Defendant has been served with process. On February 28, 2020, the U.S.

Marshal returned unexecuted the summonses issued for these Defendants. (ECF No. 11.) The Marshal noted on the returns that Barker was on medical leave and that White is no longer employed at the Shelby County Criminal Justice Center. (*Id.* at PageID 48 & 50, 51 & 53.) Separate orders will be issued with regard to obtaining service for Barker and White.

The summons issued for Defendant Connolly was returned executed, with the Marshal declaring she was personally served on February 25, 2020. (ECF No. 12 at PageID 56.) Connolly has not answered or otherwise responded to the complaint.

Notwithstanding Connolly's failure to answer the complaint, Miles's motion for the Court to "render a decision" and grant, by default judgment, all the relief he requested is premature.

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the Court itself. Entry of a technical default under section (a) is different from, and must precede, entry of a default judgment under section (b). *See Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) (holding district court properly denied default *judgment* when the plaintiff failed to first obtain *entry* of default); *Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk."); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352-53 (6th Cir. 2003); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("[E]ntry of default is just the first procedural step on the road to obtaining a default judgment.").

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." The Court will construe Miles's motion to render a decision as a motion for the Clerk's entry of default pursuant to Rule 55(a).

The Marshal's return of service for Defendant Connolly constitutes proof of service, and it is clear from the docket that she has failed to answer the complaint in this case. The Clerk therefore is DIRECTED to enter Defendant Connolly's default on the record. Once Miles receives the Clerk's entry of default, he may move for default judgment by the Court in accordance with Rule 55(b)(2).

IT IS SO ORDERED.

        s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE