IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN F. MILES, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 19-2241 |
| | ) | |
| SHELBY COUNTY CRIMINAL | ) | |
| JUSTICE CENTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**

This is a prisoner's rights case.  Before the Court are Plaintiff Benjamin Miles' Motion for Default Judgment and Defendant Todd Connolly's Motion to Set Aside Entry of Default. (ECF Nos. 21, 24.)  For the following reasons, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED as moot.

Miles filed suit alleging that Connolly and others had violated his constitutional rights at the Shelby County Criminal Justice Center in Memphis, Tennessee.  (ECF No. 1.)  The Court entered an Order partially dismissing the Complaint and directing process to be served on Connolly and the other remaining Defendants.  (ECF No. 6.)  On February 25, 2020, Connolly was served with process.  (ECF No. 12.)  As of September 22, 2020, Connolly had not answered the complaint, and the Clerk of Court

entered default against him. (ECF No. 16.) On September 29, 2020, Miles filed a Motion for Default Judgment against Connolly, styled as a Motion for Entry of Default. (ECF No. 21.) On October 1, 2020, Connolly responded opposing the Motion for Default Judgment and filed a Motion to Set Aside the Default. (ECF Nos. 23, 24.)

Under Rule 55(c) a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In evaluating good cause, a court considers whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious. United Coin Meter Co., Inc. v. Seaboard Coastline RR., 705 F.2d 839, 844 (6th Cir. 1983) (citing Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980)). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" U.S. v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (quoting Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986)).

Connolly argues that he followed Shelby County Sheriff's Office's ("SCSO") procedure the day he was served with process.

2

He contacted the SCSO Chief Policy and Compliance Officer and provided her with his contact information. Normally, the Compliance Officer forwards the contact information, lawsuit, and summons to the Shelby County Attorney's Office, which determines whether it can represent the defendant. If the Attorney's Office decides it can represent the defendant, it provides him with counsel. Connolly's paperwork was never forwarded to the County Attorney's Office because of an error stemming from short-staffing in the SCSO.

Connolly's default was not willful. He complied with SCSO policy and believed he had done all that was required.

Miles will not be prejudiced. Delay alone is not a sufficient basis to establish prejudice. INVST Financial Grp., Inc. v. Chem-Nuclear Sys, Inc., 815 F.2d 391 398 (6th Cir. 1987) (internal quotations and citations omitted). It must be shown that delay will result in the loss of evidence, make discovery more difficult, or provide greater opportunity for fraud and collusion. Id. This case is in its early stages. Discovery has not begun. Any delay in the case will not prejudice Miles.

Connolly has stated a meritorious defense. "[If} any defense relied upon states a defense good at law, then a meritorious defense has been advanced." United Coin Meter, 705 F.2d at 845 (citing Rooks v. Am. Brass. Co., 263 F.2d 166, 169

(6th Cir. 1959)).  Connolly argues that he is entitled to qualified immunity, which is good law.

All three factors favor setting aside the entry of default. Connolly's Motion to Set Aside the Entry of Default is GRANTED. Miles' Motion for Default Judgment is DENIED as moot.

SO ORDERED this 25th day of February, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE